IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:

**ALBUQUERQUE CHEMICAL COMPANY, INC.,**

    Appellant,

vs.                                               Civ. No. 98-423 SC/DJS
                                                      Bankruptcy No. 7-86-00173 RA

**RONALD D. BROWN and
LISA D. BROWN,**

    Appellees.

### MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

1.  The district court has jurisdiction over appeals from the Bankruptcy Court. 28 U.S. C. §§158(a) and 1334(a). This case was referred to this court by the District Judge pursuant to 28 U.S.C. §636 (b)(1)(B). Findings of fact are reviewed under the clearly erroneous standard. Conclusions of law are subject to *de novo* review. Hall v. Vance, 887 F.2d 1041 (10th Cir. 1989).

2.  The relevant procedural history of this matter is as follows: On February 3, 1986 Appellees Ronald D. Brown and Lisa C.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

Brown (hereinafter the "Browns") filed a Chapter 7 bankruptcy proceeding. The Trustee filed a Report of No Distribution on October 28, 1986. A Discharge and Final Decree was filed on November 28, 1986. Appellant's Albuquerque Chemical's Company, Inc. (hereinafter Albuquerque Chemical) judgment was for $14,660.50. On August 21, 1997, the Browns moved to reopen their case. Upon reopening, the Browns moved to avoid Albuquerque Chemical's judicial lien. During this time the Browns also sought to amend their exemption schedule from a $20,000 homestead exemption to a $40,000 exemption. The Bankruptcy Court avoided Albuquerque Chemical's lien and allowed the amended exemption schedule.

3. Albuquerque Chemical argues that the Bankruptcy Court erred as follows:

(A) Albuquerque Chemical filed a Motion to Dismiss in the lower court claiming a defense of laches. The Bankruptcy Court denied this Motion.

(B) The Bankruptcy Court failed to rule that 11 U.S.C. §522(f) is superfluous in light of the decision in In Re Sanders, 39 F.3d 258 (10th Cir. 1994).

(C) The bankruptcy court erred in considering the amount of a senior but unenforceable mortgage.

(D) The bankruptcy court erred in allowing Appellees to amend their exemption schedule after a hearing on the motion to avoid the judicial lien.

(E) The Bankruptcy Court erred in finding there was no non-exempt equity in the property.

4. The Court finds that the decision of the Bankruptcy Court should be upheld.

Defendant failed to prove laches.

5. It is undisputed that the Browns reopened their case for the purpose of avoiding judgment liens eleven years after their case was closed. Albuquerque Chemical has asserted laches as an affirmative defense to the reopening. Laches is an affirmative defense requiring a showing of (1)lack of diligence and (2) prejudice to the creditors. Costello v. United States, 365 U.S. 265 (1961). Delay alone is not prejudice. In re Chabot, 992 F.2d 891 (9th Cir. 1993).

6. Albuquerque Chemical claims it was prejudiced by the difficulty of valuing property as of the petition date, eleven years later. American Chemical's expert valued the property at $92,000 and the Brown's expert valued the property at $90,000 as of the petition date. The Browns listed the value at $85,000 in their original schedule of assets. The Brown's expert testified she pulled up comparable sales figures for 1986 from the same subdivision to arrive at her number. Albuquerque Chemical's report discussed comparables and he testified to viewing 1986 photographs of comparables and looking at unspecified "data" from 12 years ago. This testimony does not show any additional time or money was expended to obtain is an appraisal.

7. Albuquerque Chemical argues that based upon the Brown's testimony the value of the property it may have been as high as $95,000. It is alleged that with $70,000 in consensual liens and a $20,000 exemption claim, there would have been $5,000 in equity and thus it is prejudiced. This argument is one of wishful thinking. It appears to this Court that the reason a second homestead exemption was not taken in 1986 was because it was not needed. If it were, it is just as probable that the Browns would have amended at that time to take a second homestead exemption.

8. The Browns have quite clearly shown that appraisals can provide disparate values. It is somewhat ironic that the range of values in 1998 are more disparate that the range of values in 1986. One expert testified that the present value of property was $125,000. Another testified it was $116,000. The Browns estimated the present value at $100,000 and the appraisal of a refinance was for $127,000. Further, the Browns filed their Motion to Reopen almost immediately upon learning of the judicial lien. Albuquerque Chemical has not shown prejudice.

<u>11 U.S.C. §522(f)</u>

9. 11 U.S.C. §522(f) allows a debtor to avoid the fixing of a judicial lien to his property "to the extent that such lien impairs an exemption". The Tenth Circuit in <u>Sanders</u>, 39 F.3d 258 (10th Cir. 1994) in reviewing a Utah homestead exemption upheld a district court decision that avoiding a judicial lien under 11 U.S. §522(f) is limited to the value of the debtor's homestead exemption

4

on the property under lien. As the Court stated, "[T]he practical effect of this holding is to allow any appreciation in the property or retirement of principal to be subject to the lien." Id. at 262. The Bankruptcy Reform Act of 1994 overruled the Sanders line of cases.

10. The Bankruptcy Court correctly allowed the Browns to amend their exemption schedule, thus, the Court does not need to reach this issue. However, the Court will say that it is clear that the Court in Sanders was construing a Utah exemption. New Mexico law is different. Unlike the Utah homestead statute, the New Mexico homestead statute does not exempt a judicial lien from attaching. Further, Sanders analysis is restricted to is an "opt-out" jurisdiction. Utah has opted out of the federal exemption system. As New Mexico has not oped out, the lien, though unenforceable, attaches. It can be avoided under 522(f)22(f). Henderson v. Belknap, 18 F.3d 1305 (5th Cir. 1994), cert. denied 115 S. Ct. 573 (1994).

Senior Liens

11. The Bankruptcy Code expressly uses the petition filing date as the measuring stick for determining the value of claims filed in a bankruptcy case. 11 U.S.C. 502(b). Section 522(a)(2) specifically defines value as the "fair market value as of the date of the filing of the petition..." See 11 U.S.C.A. § 522 Revision Note and Legislative Reports for 1978 Acts; White v. Stump, 266 U.S. 310 (1924) (eligibility to claim homestead exemption and

5

ability to avoid judicial lien fixed as of filing date). Albuquerque Chemical appears to argue that because the statute has run on a senior lien it would not be considered. It provides no case law in support of its argument, and its argument is unpersuasive.

The Amendment to Exemption Schedule was proper.

12. The Browns amended their exemption schedule to increase their homestead exemption from $20,000 to $40,000. Amendments may be made "as a matter of course any anytime before the case is closed." Bankr. Rule 1009(a). The Court may deny an amendment "if there is bad faith by the debtor or prejudice to creditors". In re Williamson, 804 F.2d 1355, 1358 (5th Cir. 1986). There is no evidence of bad faith.

13. Prejudice has been defined as "harm to the creditor's litigating posture because of some detrimental reliance on the debtor's initial position." In re Williamson, 804 F.2d 1355, 1358 (5th Cir. 1986). Prejudice to creditors does not occur merely because a claimed exemption, if deemed timely, would be granted. Matter of Doan, 672 F.2d 831, 833 (10th Cir. 1982). Some courts have required clear and convincing evidence, see Matter of Yonikus, 996 F.2d 866 (7th Cir. 1993), a "strong showing of abuse, " In re Spoor-Weston, Inc., 139 B.R. 1009 (Bankr. N.D. Okla. 1992), affirmed, 13 F.3d 407 (10th Cir. 1993).

14. The facts do not support Albuquerque Chemical's arguments. The Browns originally took one homestead exemption of

$20,000. In 1986 this was adequate to protect the equity in their home. In 1998, the Bankruptcy Court found that their home was worth $91,000. This finding left $1,148.67 in equity in the Browns' home. The Browns, to protect this equity, amended their exemption schedule and claimed the second homestead exemption of $20,000 that they were entitled to. Albuquerque Chemical argues prejudice that they would have changed their trial strategy because "the economics of the case changed drastically." Reply, p. 10. This is simply not the case. There is no evidence that a creditor has changed its position. American Chemical only argues that it may have changed its position. This is not sufficient.

15. The law clearly allows Appellees to amend. Thus, Albuquerque Chemical Company's argument that there was no non-exempt equity in the property is without merit.

### Recommended Disposition

It is therefore recommended that the Bankruptcy Court's Order Avoiding Judicial Liens, Order Denying Objection to First Amended Schedule B-4 and Claims of Exemptions Therein and Order Denying Motion to Dismiss should be affirmed and Plaintiff's Motion to Quash Lis Pendens be denied.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**